# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4869 | **DATE** | February 16, 2011 |
| **CASE TITLE** | *Bartuch v. DNI Recovery* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for default judgment [17-1] is granted. The plaintiff is awarded $1,000 in statutory damages and $1,000 in actual damages. The clerk is directed to enter a Rule 58 judgment and terminate the case from the court's docket. The plaintiff's counsel has seven days to provide an affidavit in support of its request for attorney's fees. If counsel fails to do so, the court will decline to award any fees.

■[ For further details see text below.]

00:00

## STATEMENT

The goal of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, is to "eliminate abusive debt collection practices by debt collectors." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,*-U.S., 130 S.Ct. 1605, 1608 (2010). The plaintiff brought the instant suit alleging various violations of the FDCPA.

The facts alleged in the plaintiffs' amended complaint are deemed true as a result of the defendants' default. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). According to the complaint, representatives of the defendant continued to call the plaintiff at work regarding the alleged debt even after the plaintiff said her employer did not allow her to receive telephone calls at work, stated to the plaintiff that they had a wage garnishment order against her when they did not, stated to the plaintiff that if she did not pay the debt, wage garnishment proceedings would be initiated against her, failed to advise the plaintiff in messages left for her that the person calling was a debt collector and the call was an attempt to collect a debt, and failed to send her the required written confirmation of the alleged debt and the creditor on whose behalf it was collecting the debt, among other things. The court concludes that these allegations, deemed true as a result of the default, establish that the defendant has violated the FDCPA. *See, e.g.*, 15 U.S.C. §§ 1692c(a)(3), 1692d(5) and 1692e(4) and (11); 1692g(a).

The FDCPA provides that a debt collector who violates any provision of the statute is liable for actual damages sustained by the plaintiff as a result of the violation, additional statutory damages up to $1,000, and the plaintiff's costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a). Here, the plaintiff seeks $1,000 in statutory damages, $2,250 in actual damages based on the plaintiff's emotional distress and $3,252 in attorney's fees.

"Although upon default judgment the factual allegations of a complaint relating to liability are taken

**STATEMENT**

as true, those allegations relating to the amount of damages suffered ordinarily are not." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983). "A judgment by default may not be entered without a hearing on damages unless ... the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.*

In this case, the plaintiff has submitted an affidavit supporting her claim of damages based on emotional distress. When the plaintiff's testimony is the only evidence of emotional damages, the plaintiff "'must explain the circumstances of his injury in reasonable detail'" and cannot rely on conclusory statements, unless the "'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action.'" *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56 (2007). According to the plaintiff, because of the defendant's behavior, she has suffered embarrassment and emotional distress, and was constantly stressed and worried that her wages were going to be garnished. She further states that she "would be horrified if they contacted my employer to have my wages garnished" and that the defendant's refusal to give her its mailing address was "frustrating." She also attests that she "felt in a very tough position" and was "very upset." The court finds that the defendant's actions, as described above, and the plaintiff's affidavit supports an award of emotional distress damages. The issue that remains is a determination of an appropriate amount.

While the plaintiff cites to numerous cases in which plaintiffs in FDCPA cases have been awarded damages for emotional distress, not one is from this district and not one is less than twelve years old. Moreover, the plaintiff fails to provide any specifics as to what facts supported the amounts awarded. "The plaintiff ordinarily has the burden to prove damages," *Elipas v. Jedynak*, No. 07 C 3026, 2010 WL 1611024, at *4 (N.D. Ill. Apr. 20, 2010) (citation omitted), and needless to say, the plaintiff's citations fail to provide the court with any indication of what the current state of the law is on awarding emotional distress damages under the FDCPA to plaintiffs in this district.

Based on its review of the pleadings and the plaintiff's motion for default judgment, the court, in its discretion, awards the plaintiff $1,000 in statutory damages and $1,000 in actual damages. The plaintiff also requests attorney's fees. Although the plaintiff's counsel has attached billing records in support of the request for $3,252 in attorney's fees, no affidavit in support of the attorney's fees has been provided. The plaintiff's counsel has 7 days to provide such an affidavit. If counsel fails to do so, the court will decline to award any fees.

The plaintiff's motion for default judgment is granted. The plaintiff is awarded $1,000 in statutory damages and $1,000 in actual damages. The clerk is directed to enter a Rule 58 judgment and terminate the case from the court's docket.